1   William C. Conkle (SB# 76103)
        w.conkle@conklelaw.com
2   Scott A. Hampton (SB# 152496)
        s.hampton@conklelaw.com
3   CONKLE, KREMER & ENGEL
    Professional Law Corporation
4   3130 Wilshire Boulevard, Suite 500
    Santa Monica, California  90403-2351
5   Phone: (310) 998-9100 • Fax: (310) 998-9109

6   Attorneys for Moroccanoil, Inc.

7

8                    UNITED STATES DISTRICT COURT

9        CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10

11  MOROCCANOIL, INC., a California         CIVIL ACTION No.
    corporation,
12                                          COMPLAINT FOR:
                    Plaintiff,
13                                          1. TRADEMARK COUNTERFEITING
            v.                                 AND INFRINGEMENT
14
    A BRITISH COMPANY, INC., dba          2. FALSE DESIGNATION OF
15  THE CLOSEOUT KINGS, a Florida            ORIGIN AND FALSE
    corporation; and DOES 1 through 10      REPRESENTATION
16  inclusive,
                                          3. UNFAIR BUSINESS PRACTICES
17                  Defendants.
                                          4. COMMON LAW UNFAIR
18                                           COMPETITION

19                                        5. INTENTIONAL INTERFERENCE
                                             WITH CONTRACT
20
                                          6. INTENTIONAL INTERFERENCE
21                                           WITH PROSPECTIVE ECONOMIC
                                             ADVANTAGE
22
                                          7. NEGLIGENT INTERFERENCE
23                                           WITH PROSPECTIVE ECONOMIC
                                             ADVANTAGE
24
                                          DEMAND FOR JURY TRIAL
25

26

27

28

2522.114\9998

COMPLAINT

## SUMMARY OF CLAIMS

1.      Plaintiff manufactures and distributes a line of professional hair care products throughout the United States and the world containing argan oil, including shampoos, conditioners, hair treatments and hairsprays.  The most popular product in the line is a hair conditioner named "Moroccanoil Oil Treatment" and this product is the subject of this lawsuit.  Genuine Moroccanoil Oil Treatment products are packaged in 3.4 fluid ounce, amber colored, druggist-style bottles with black screw-on caps, with rectangular-shaped, light blue labels, and bear one or more of Plaintiff's federally registered trademarks.

2.      Recently, Plaintiff learned that persons, including Defendants, are distributing and selling counterfeit Moroccanoil Oil Treatment products.  The counterfeits sold by Defendants are nearly identical to genuine Moroccanoil Oil Treatment products, in similar bottles with similar labels, and include imitations of the Moroccanoil trademarks and trade dress.  Laboratory tests have confirmed that the oil inside the bottles sold by Defendants is not consistent with previously analyzed authentic samples.

## JURISDICTION

3.      This action arises under and this Court has original jurisdiction pursuant to 15 U.S.C. § 1121 (Original Jurisdiction – Trademarks), 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. § 1338(a) (Original Jurisdiction – Patents and Trademarks), 28 U.S.C. § 1332 (Diversity of Citizenship), 28 U.S.C. § 1338 (b) (Original Jurisdiction - Unfair Competition) and 28 U.S.C. § 1367 (Supplemental Jurisdiction).

**VENUE**

4.     Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because a substantial part of the events giving rise to the claims occurred in this judicial district.

**THE PLAINTIFF**

5.     Moroccanoil, Inc. is a California corporation and is doing business from its principal place of business at 16311 Ventura Blvd., Ste. 1200, Los Angeles, CA 91436.  Moroccanoil, Inc., and its predecessor with which it is joined by statutory merger are referred to herein as "Moroccanoil California" or "Plaintiff".

**THE DEFENDANTS**

6.     Plaintiff is informed and believes that Defendant A British Company, Inc., dba The Closeout Kings ("Closeout Kings"), is a Florida corporation, with its principal place of business located at 1112 Weston Road, Suite 125, in Weston, Florida 33326.

7.     Plaintiff is informed and believes that Defendant Closeout Kings is in the business of distributing and selling toiletries, health & beauty and household cleaning products, and that it does business throughout the United States, including doing business in this judicial district.

8.     Plaintiff believes there are other businesses that supply, distribute and sell counterfeits of Moroccanoil Products, and sues them by fictitious names DOES 1 - 5.

9.     Plaintiff believes there is a manufacturing company, or companies, that manufacture and sell counterfeits of Moroccanoil Products and sues them by fictitious names DOES 6-10.

10.    Other than as alleged in this Complaint, Plaintiff is ignorant of the true identities and participation of Does 1 through 10, inclusive, and therefore sues them by such fictitious names.  Plaintiff is informed and believes that each of the Defendants designated as a Doe is liable in some manner for the acts and omissions, damages and injuries of which Plaintiff alleges in this Complaint.  Plaintiff will seek to amend this Complaint to state the true identities of Does 1 through 10 when ascertained.

11.    On information and belief, each of the named defendants, and each of the Doe defendants (collectively "Defendants"), was at all relevant times acting to the fullest extent recognized by law as the agent, employee or co-conspirator of each of the other Defendants and that in committing the acts and omissions alleged herein and causing the damage and injuries alleged, was acting within the scope of such agency, employment, conspiracy, joint venture or partnership relationship.  The Defendants have committed acts in furtherance of the conspiracy, have given aid and encouragement to the conspirators and have ratified and adopted the acts of their co-conspirators.

12.    On information and belief, there exists, and at all times herein mentioned there existed, a unity of interests and ownership between Defendants such that any individuality and separateness between the Defendants never existed or has ceased to exist, and the Defendants are in each instance the alter ego of the other Defendants who control each entity.  To adhere to the fiction of the separate existence of the entities as separate and distinct from the Defendants identified with them as owning and controlling them would permit an abuse of the corporate and other entity privileges, would sanction fraud and would promote injustice.

## MOROCCANOIL'S INTELLECTUAL PROPERTY AND PRODUCTS

13.    Moroccanoil California distributes in Los Angeles County and throughout the United States a line of professional, "salon only" hair care products under the brand name and trademark "Moroccanoil".  All of the products made and distributed by Plaintiff (collectively the "Moroccanoil Products") contain a unique signature ingredient, argan oil.  Argan oil is produced from the nut kernels of the argan tree, which is native to countries near the Mediterranean Sea.

## MOROCCANOIL'S TRADEMARK RIGHTS

14.    All of the Moroccanoil Products bear one or more of the federally registered trademarks of Plaintiff, including the marks "Moroccanoil®" (Reg. No. 3,478,807), the horizontal "M Moroccanoil Design" (Reg. No. 3,684,909), and the vertical "M Moroccanoil Design" (Reg. No. 3,684,910) which are registered in Class 3 on the Principal Register of the United States Patent and Trademark Office.   In addition to their federally registered trademarks, Plaintiff owns trade dress that includes the size, shape, color, wording, and overall appearance of the Moroccanoil Products, as well as their packaging, and graphics used in advertising ("Moroccanoil Trade Dress").  The Moroccanoil Trade Dress is non-functional, distinctive and has acquired secondary meaning in the marketplace as it has become uniquely associated with Plaintiff as the source of the Moroccanoil Products.   Plaintiff's federally registered trademarks, their trademarks awaiting registration and the Moroccanoil Trade Dress are referred to as the "Moroccanoil Trademarks." Plaintiff owns all of the right, title and interest in the United States to the Moroccanoil Trademarks and the goodwill associated with them.

15.   The following images are true and correct photographs of Plaintiff's federally registered trademarks:

TRADEMARK
PRINCIPAL REGISTER

MOROCCANOIL

USPTO Registration No. 3,478,807




USPTO Registration No.
3,684,910

USPTO Registration No.
3,684,909

16.   Since about January 2007, one or more of the Moroccanoil Trademarks have been used continuously in commerce in the United States.  All Moroccanoil Products bear one or more of the Moroccanoil Trademarks.  Plaintiff was the first entrant into the market for argan oil based hair care products and have built goodwill and value in the Moroccanoil Trademarks and other intellectual property such that consumers associate "Moroccanoil" exclusively with Plaintiff and its Moroccanoil

Products.  The Moroccanoil Trademarks are inherently distinctive and have acquired secondary meaning in the marketplace.  Moroccanoil Products are high-quality beauty products that are held in high regard, and used regularly by successful stylists and salons in Los Angeles County, in California and throughout the world.

## THE MOROCCANOIL PRODUCTS

17.  Moroccanoil Oil Treatment is a viscous mix of argan oil and other ingredients that is a golden colored oil ("Moroccanoil Oil Treatment").  It is packaged in 3.4 fl. ounce, amber colored, druggist-style tempered glass bottles with black screw-on caps.  The turquoise, rectangular-shaped front labels of the Moroccanoil Oil Treatment contain the Moroccanoil logo with an orange-colored "M" and the word "Moroccanoil" in white, capital letters vertically up the left hand side of the label. The labels also contain the words "Oil treatment for all hair types", "Moroccanoil Series", and "alcohol free" in English, French and Spanish.  The turquoise, rectangular-shaped back labels of the Moroccanoil Oil Treatment contain the Moroccanoil logo and the word "Moroccanoil" in orange, capital letters, a description of the product and its usage in English, French and Spanish, the ingredient list, and the words "sold exclusively by professional salons".  Each bottle of genuine Moroccanoil Oil Treatment includes a sticker that extends from the top of the bottle cap down to the front of the bottle that includes the Moroccanoil logo with an orange "M" with the word "Moroccanoil" through it in white letters, and the words "The Original" in English and French.  Each bottle of genuine Moroccanoil Oil Treatment has Moroccanoil Trademarks on it.

18.    The following images are true and correct photographs of the front and back sides of genuine Moroccanoil Oil Treatment.

 

19.    Manufacturers and/or distributors, such as Moroccanoil, apply to the Uniform Code Council to obtain UPC barcode numbers for their products.  These barcodes are universally used by manufacturers, distributors and sellers to keep track of and identify the products they sell.  Moroccanoil was issued an EAN-13 (international) UPC manufacturer number of 7290011.  The first three numbers, 729, refer to the fact that Plaintiff manufactures its products in Israel.  UPC barcode number 7290011-521011 refers to the 3.4 ounce size of Moroccanoil Oil Treatment and number 7290011-521059 refers to the 6.8 ounce size of Moroccanoil Oil Treatment.  These are sometimes referred to herein as the "Moroccanoil UPC Numbers".  The

1   manufacturer prints the Moroccanoil UPC Numbers on the labels of all of the
2   Moroccanoil Products during their manufacture.  In addition to the Moroccanoil UPC
3   Numbers, genuine Moroccanoil Oil Treatment products bear a batch code, a
4   combination of five letters and digits, on the product label.

5

6   **PLAINTIFF'S DISTRIBUTION OF MOROCCANOIL PRODUCTS**

7       20.    Plaintiff's distribution arrangements restrict the sale of Moroccanoil
8   Products to authorized hair salons and to licensed cosmetologists ("Authorized
9   Salons") for use in professional cosmetological services performed in the salons or for
10  sale to consumer salon patrons.  Plaintiff's contracts with its distributors prohibit any
11  sales, either directly or indirectly, to any entity that is not an Authorized Salon.  These
12  restrictions prohibit any sales to general merchandisers, such as Walgreens, CVS or
13  Target stores.  When general merchandisers sell Moroccanoil Products outside of the
14  authorized distribution channel, it damages Plaintiff's goodwill and reduces Plaintiff's
15  sales.  Plaintiff requires that all distributors maintain historical reports of all sales, and
16  sell Moroccanoil Products only in reasonable quantities to Authorized Salons for in-
17  salon use, and for sale to legitimate salon patrons for home use ("Authorized Use").
18  Plaintiff's contracts with their distributors require their distributors to maintain a "non-
19  diversion" contract with each of their Authorized Salon customers.  In the agreements
20  Plaintiff has with Authorized Salons, each Authorized Salon promises to Plaintiff and
21  to its distributors to satisfy all the requirements for Authorized Use.

22

23      21.    Plaintiff alleges this paragraph on information and belief.  Defendants
24  seek to profit from Plaintiff's success.  However, Defendants know that the restrictions
25  stated in Plaintiff's distribution agreements and the contracts with Authorized Salons
26  make it impossible for them to legitimately obtain Moroccanoil Products from
27  Plaintiff, Plaintiff's distributors or Authorized Salons.  Therefore, Defendants and their
28  associates and co-conspirators resort to deceptive, fraudulent, and illegal trade

1   practices to obtain Moroccanoil Products.  These practices include inducing Plaintiff's

2   distributors, Authorized Salons, and the employees of them to cheat Plaintiff by

3   violating the Plaintiff's distribution and salon agreements.   Defendants encourage

4   Plaintiff's distributors and the Authorized Salons to cheat Plaintiff by encouraging the

5   distributors and the Authorized Salons to order more Moroccanoil Products than the

6   distributor or Authorized Salons needs.  The excess Moroccanoil Products that are

7   ordered are sold into the black market where they are then sold to Defendants.  In such

8   instances, the orders for excess Moroccanoil Products are made by distributors and

9   Authorized Salons with the intent to defraud Plaintiff by misrepresenting the buyer's

10  intention to sell or use the Moroccanoil Products in Authorized Salons.

11

12      22.    Plaintiff alleges this paragraph on information and belief.  Defendants

13  also encourage the Plaintiff's distributors to falsify the reports of sales of Moroccanoil

14  Products in an attempt to obscure these fraudulent sales.  This falsification hinders

15  Plaintiff's ability to locate these fraudulent practices.  Such deception was found to be

16  criminal conduct in *United States v. Costanza*, 4 F. 3d 658 (8th Cir. 1993), where false

17  statements by a diverter to a manufacturer about the intended use or destination of

18  goods purchased were held to support criminal convictions for mail fraud, wire fraud

19  and transportation of stolen goods.  *See also*, *Australian Gold, Inc. v. Hatfield*, 463

20  F.3d 228 (10th Cir. 2006) (affirming award of more than $5 million in damages

21  against defendants who engaged in wrongful acts of trademark infringement,

22  interference with contract and false advertising in connection with scheme to divert

23  salon only tanning products to sell on the Internet).

24

25                    **DEFENDANTS' COUNTERFEIT PRODUCTS**

26      23.    Plaintiff learned that Defendants are distributing and selling counterfeit

27  Moroccanoil Oil Treatment products. On information and belief, suspected counterfeit

28  Moroccanoil Oil Treatment products supplied by Defendants were acquired by the

---

2522.114\9998                     -9-
                                  COMPLAINT

1  Priceline drug store chain in Australia in or about November 2010. One sample bore

2  the batch code of 308EI.  According to the vendors of Priceline, the suspected

3  counterfeits were supplied by Defendant Closeout Kings and were shipped from

4  Florida to Australia.

5

6       24.    Plaintiff was provided with one sample of the suspected counterfeit and

7  had it tested in a laboratory.  These tests confirmed that the sample Moroccanoil Oil

8  Treatment product sold by Defendants is counterfeit, as:  (a) the distribution of

9  silicones in the counterfeits are different than those in genuine samples, (b) chemicals

10  not present in genuine Moroccanoil Oil Treatment were detected, (c) the counterfeits

11  have much lower color intensity than in genuine samples and (d) the findings indicate

12  that the contents of the counterfeit bottles are not consistent with previously analyzed

13  samples. Based on these facts, Plaintiff is informed and believes that Defendants have

14  bought and sold multiple counterfeit Moroccanoil Oil Treatment products in the

15  United States, and such products are referred to herein as the "Counterfeit Products".

16

17       25.    The labels on the Counterfeit Products recite numerous false statements,

18  including:

19          a.   *Batch Numbers:*  The Counterfeit Product lists a batch number of

20  308EI even though chemical testing shows it is counterfeit, thus, it did not come from a

21  genuine batch with No. 308EI.

22          b.   *Designations of Origin and Distribution:*  The Counterfeit Product

23  is marked "Made in Israel by A.P.P. Ltd." which is false because the contents of the

24  bottle is counterfeit and could not have come from A.P.P. Ltd. in Israel.  Similarly, the

25  Counterfeit Products are marked "Distributed by Moroccanoil North America" which is

26  false because the bottle was not distributed by Moroccanoil California in North

27  America.

28

1        c.    *UPC Codes:*  The Counterfeit Products bear a UPC code number of

2    7290011-521011 which is false because the product is not genuine and could not have

3    been manufactured by Moroccanoil Israel or distributed by Moroccanoil California.

4

5        26.    On information and belief, the Counterfeit Products distributed and sold

6    by Defendants are defective imitations of genuine Moroccanoil Oil Treatment.  The

7    Counterfeit Products are designed to look identical to genuine Moroccanoil Oil

8    Treatment products. These Counterfeit Prodcuts: (a) are packaged in similar 3.4 fluid

9    ounce, amber colored, druggist-style bottles with black screw-on caps, (b) have

10   rectangular-shaped, light blue labels containing imitations of the Moroccanoil

11   Trademarks, logos and information describing the contents and the usage of the

12   product, that are indistinguishable from authentic Moroccanoil Oil Treatment and (c)

13   contain counterfeit oil inside the bottles that has a color and fragrance similar to that of

14   genuine Moroccanoil Oil Treatment.  The counterfeit labels bear copies of the

15   Moroccanoil Trademarks.  For these reasons, the copying was intentional, willful and

16   malicious, and was intended to deceive consumers.

17

18

19

20

21

22

23

24

25

26

27

28

2522.114\9998

27.   The following images are true and correct photographs of one of the Counterfeit Products distributed and sold by Defendants:

 

## FIRST CLAIM FOR RELIEF
## TRADEMARK COUNTERFEITING AND INFRINGEMENT
### (15 U.S.C. § 1114)
### AGAINST ALL DEFENDANTS

28.   Plaintiff alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 27, as if fully set forth herein.

29.   Based on Plaintiff's extensive advertising under the Moroccanoil Trademarks, its extensive sales and the widespread popularity of Moroccanoil

1   Products, as alleged herein, any product bearing one or more of the Moroccanoil
2   Trademarks is immediately associated by purchasers and the public as being a genuine
3   product of Plaintiff.

4

5        30.    On information and belief, Defendants are offering for sale, selling and
6   have sold counterfeits and infringements of Moroccanoil Products.

7

8        31.    Plaintiff has not consented to or authorized the wrongful activities of the
9   Defendants as alleged herein.  The offering for sale and selling by Defendants of
10  Counterfeit Products creates the false impression that the products are manufactured,
11  distributed, warranted, authorized, sponsored, or approved by Plaintiff.

12

13       32.    As a direct and proximate result of the Defendants' counterfeiting and
14  infringement of the Moroccanoil Trademarks, Plaintiff has suffered damages to its
15  business, goodwill, and property in an amount unknown but which Plaintiff alleges
16  exceeds $2,000,000.  Plaintiff believes and alleges it will continue to suffer such
17  damages and that those damages will increase every day.  Plaintiff will amend its
18  pleadings, at or before trial, to conform to proof of the amount of such damages.

19

20       33.    As a proximate result of the Defendants' wrongful conduct, the
21  Defendants have been unjustly enriched while Plaintiff has suffered damages of a
22  nature and in an amount according to proof at trial.

23

24       34.    Plaintiff demands and is entitled to an accounting from each of the
25  Defendants, including all information necessary to permit Plaintiff to determine the
26  gains, profits and advantages that the Defendants have obtained by reason of their
27  wrongful conduct described herein.

28

35. Plaintiff has no adequate remedy at law. Monetary compensation will not afford Moroccanoil adequate relief. The Defendants' acts and omissions as alleged herein will engender the need for a multiplicity of judicial proceedings and will cause damages to Plaintiff that are difficult, if not impossible, to measure. Unless the Defendants are preliminarily and permanently enjoined from committing the unlawful acts alleged, including infringement of the Moroccanoil Trademarks, Plaintiff will continue to suffer irreparable harm. Injunctive relief is therefore appropriate pursuant to 15 U.S.C. § 1116 to prevent the Defendants from engaging in any further violations of 15 U.S.C. § 1114.

36. Upon information and belief, the activities of the Defendants complained of herein constitute willful and intentional counterfeiting and infringement of the Moroccanoil Trademarks in violation of the Lanham Act, including, but not limited to, 15 U.S.C. § 1114. The willfulness of the Defendant's counterfeiting and infringement is evidenced by the blatant unauthorized use, duplication and promotion of Plaintiff's Trademarks. The Defendants' activities are in total disregard of Plaintiff's rights. As such, Plaintiff is entitled to damages and remedies as provided by 15 U.S.C. § § 1116 and 1117.

## SECOND CLAIM FOR RELIEF
## FALSE DESIGNATION OF ORIGIN
## AND FALSE REPRESENTATION
## (15 U.S.C. § 1125(a))
## AGAINST ALL DEFENDANTS

37. Plaintiff alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 36, as if fully set forth herein.

38.     The distribution, marketing, display, offering for sale and sale of Counterfeit Products constitutes a false designation of origin, false description and a false representation that the Counterfeit Products sold by the Defendants originate from, or are sponsored or authorized by Plaintiff.

39.     The activities of the Defendants in advertising, marketing and selling Counterfeit Products constitute violations of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

40.     As a direct and proximate result of the Defendants' violations of 15 U.S.C. § 1125(a), Plaintiff has suffered damages to its business, goodwill, and property in an amount unknown but which Plaintiff alleges exceeds $2,000,000. Plaintiff believes and alleges it will continue to suffer such damages and that those damages will increase every day.  Plaintiff will amend its pleadings, at or before trial, to conform to proof of the amount of such damages.  On information and belief, the Defendants' false designation of origin and false representation was willful and intentional and Moroccanoil is therefore entitled to damages and remedies as provided in 15 U.S.C. § 1117.

41.     As a proximate result of the Defendants' wrongful conduct, the Defendants have been unjustly enriched while Plaintiff has suffered damages of a nature and in an amount according to proof at trial.

42.     Plaintiff demands and is entitled to an accounting from each of the Defendants, including all information necessary to permit Plaintiff to determine the gains, profits and advantages that the Defendants have obtained by reason of their wrongful conduct described herein.

43.     Plaintiff has no adequate remedy at law.  Monetary compensation will not afford Plaintiff adequate relief.  The Defendants' acts and omissions as alleged herein will engender the need for a multiplicity of judicial proceedings and will cause damages to Plaintiff that is difficult, if not impossible, to measure.   Unless the Defendants are preliminarily and permanently enjoined from committing the unlawful acts alleged, including infringement of the Moroccanoil Trademarks, Plaintiff will continue to suffer irreparable harm.  Injunctive relief is therefore appropriate pursuant to 15 U.S.C. § 1116 to prevent the Defendants from engaging in any further violations of 15 U.S.C. § 1125(a).

## THIRD CLAIM FOR RELIEF
## UNFAIR BUSINESS PRACTICES
## (CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200
## AND 17500 et seq.)
## AGAINST ALL DEFENDANTS

44.     Plaintiff alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 43, as if fully set forth herein.

45.     The wrongful conduct of the Defendants, as alleged herein, constitutes unfair and/or fraudulent business practices as defined by California Bus. & Prof. Code § 17200, *et seq.*

46.     This unfair competition includes, but is not limited to, the following activities:  The development, manufacture, marketing, advertising, transportation, delivery, distribution, offering for sale and the sale of counterfeit Moroccanoil products with packaging bearing counterfeit Moroccanoil Trademarks.

47.     As a proximate result of the Defendants' violation of the Business and Professions Code, the Defendants have been unjustly enriched.  Plaintiff demands and is entitled to an accounting from each of the Defendants, including all information necessary to permit Plaintiff to determine the gains, profits and advantages that the Defendants have obtained by reason of their wrongful conduct described herein.

48.     Plaintiff has no adequate remedy at law.  Monetary compensation will not afford Plaintiff adequate relief.  The Defendants' acts and omissions as alleged herein will engender the need for a multiplicity of judicial proceedings and will cause damages to Plaintiff that are difficult, if not impossible, to measure.   Unless the Defendants are preliminarily and permanently enjoined from committing the unlawful acts alleged Plaintiff will continue to suffer irreparable harm.   Injunctive relief is therefore appropriate pursuant to Business & Professions Code Sections 17200 and 17500, *et seq.* to prevent the Defendants from engaging in any further acts of unfair competition.

## FOURTH CLAIM FOR RELIEF
## COMMON LAW UNFAIR COMPETITION AND
## CONSPIRACY TO UNFAIRLY COMPETE
## AGAINST ALL DEFENDANTS

49.     Plaintiff alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 48, as if fully set forth herein.

50.     Defendants use unfair trade practices to develop, manufacture, market, advertise, transport, deliver, distribute and sell Counterfeit Products in competition with Plaintiff.

51.   The conduct of the Defendants involves counterfeiting of the Moroccanoil Trademarks and infringement of the Moroccanoil Trademarks.

52.   As a direct and proximate result of the Defendants' unfair competition and conspiracy to unfairly compete, Plaintiff has suffered damages to its business, goodwill, and property in an amount unknown but which Plaintiff alleges exceeds $2,000,000. Plaintiff believes and alleges it will continue to suffer such damages and that those damages will increase every day. Plaintiff will amend its pleadings, at or before trial, to conform to proof of the amount of such damages.

53.   As a proximate result of the Defendants' wrongful conduct, the Defendants have been unjustly enriched in an amount according to proof at trial. Plaintiff demands and is entitled to an accounting from each of the Defendants, including all information necessary to permit Plaintiff to determine the gains, profits and advantages that the Defendants have obtained by reason of their wrongful conduct described herein.

54.   Plaintiff has no adequate remedy at law. Monetary compensation will not afford Plaintiff adequate relief. The Defendants' acts and omissions as alleged herein will engender the need for a multiplicity of judicial proceedings and will cause damages to Plaintiff that are difficult, if not impossible, to measure. Unless the Defendants are preliminarily and permanently enjoined from committing the unlawful acts alleged Plaintiff will continue to suffer irreparable harm. Injunctive relief is therefore appropriate to prevent Defendants from engaging in any further unlawful acts of unfair competition.

55.   The conduct of the Defendants is fraudulent, malicious and oppressive. The Defendants have engaged in the illegal development, manufacture, transportation,

delivery, distribution and sale of counterfeits of Moroccanoil Products. The conduct of the Defendants is despicable. Their conduct subjects Plaintiff to cruel and unjust hardship by which its rights are brazenly attacked and stolen. The conduct of the Defendants is done willfully and Defendants engage in their misconduct in conscious disregard of the rights of Plaintiff. Punitive damages should be awarded to punish the Defendants and deter similar conduct in the future.

# FIFTH CLAIM FOR RELIEF
## INTENTIONAL INTERFERENCE WITH CONTRACT
## AGAINST ALL DEFENDANTS

56.     Plaintiff alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 55, as if fully set forth herein.

57.     Plaintiff has contracts with distributors for the distribution and sale of Moroccanoil Products. The contracts restrict the sale of Moroccanoil Products by the distributors to Authorized Salons. Plaintiff's distributors also have contracts with Authorized Salons that limit the use and resale of the Moroccanoil Products to the requirements for Authorized Use.

58.     Defendants were on notice of the contracts that Plaintiff maintains with its distributors and Authorized Salons and the terms of those contracts.

59.     On information and belief, the Defendants intended to and did in fact disrupt and burden Plaintiff's performance of its contracts with their distributors and salons by the development, manufacture, marketing, advertising, transportation, delivery, distribution offering for sale and the sale of Counterfeit Products.

1     60.   On information and belief, the Defendants intended to disrupt Plaintiff's

2    contracts so that they could sell Counterfeit Products for a profit.  The Defendants'

3    conduct was a substantial factor in making Plaintiff's performance of its contracts

4    more difficult and more expensive.

5

6     61.   As a direct and proximate result of the Defendants' intentional

7    interference with Plaintiff's contracts and contractual relationships, Plaintiff's

8    contractual relationships with their distributors and Authorized Salons have been

9    damaged, injured or breached, and Plaintiff has suffered damages in the form of

10   increased costs and reduced revenue in an amount unknown but which Plaintiff alleges

11   exceeds $2,000,000.  Plaintiff believes and alleges it will continue to suffer such

12   damages and that those damages will increase every day.  Plaintiff will amend its

13   pleadings, at or before trial, to conform to proof of the amount of such damages.

14

15     62.   As a proximate result of the Defendants' wrongful conduct, the

16   Defendants have been unjustly enriched while Plaintiff has suffered damages of a

17   nature and in an amount according to proof at trial.  Plaintiff demands and is entitled to

18   an accounting from each of the Defendants, including all information necessary to

19   permit Plaintiff to determine the gains, profits and advantages that Defendants have

20   obtained by reason of their wrongful conduct described herein.

21

22     63.   Plaintiff has no adequate remedy at law and monetary compensation will

23   not adequately address the damage caused by the Defendants harmful conduct.  The

24   acts and omissions of the Defendants alleged herein will engender the need for a

25   multiplicity of judicial proceedings and will cause damage to Plaintiff that are difficult,

26   if not impossible, to measure.  Unless the Defendants are preliminarily and

27   permanently enjoined from committing the unlawful acts alleged, Plaintiff will

28   continue to suffer irreparable harm.  Injunctive relief is therefore appropriate to

1  prevent and prohibit the Defendants from engaging in any further unlawful acts or

2  interfering with Plaintiff's contracts.

3

4          64.    The conduct of the Defendants is fraudulent, malicious and oppressive.

5  The Defendants have engaged in the illegal development, manufacture, transportation,

6  delivery, distribution and sale of Counterfeit Products.  The conduct of the Defendants

7  is despicable.  Their conduct subjects Plaintiff to cruel and unjust hardship by which

8  its rights are brazenly attacked and stolen.  The conduct of the Defendants is done

9  willfully and Defendants engage in their misconduct in conscious disregard of the

10  rights of Plaintiff.  Punitive damages should be awarded to punish the Defendants and

11  deter similar conduct in the future.

12

13              **SIXTH CLAIM FOR RELIEF**

14          **INTENTIONAL INTERFERENCE WITH**

15          **PROSPECTIVE BUSINESS ADVANTAGE**

16                **AGAINST ALL DEFENDANTS**

17          65.    Plaintiff alleges and incorporates by reference each and every allegation

18  contained in Paragraphs 1 through 64, as if fully set forth herein.

19

20          66.    Plaintiff enjoyed the benefit of future purchases of its products by

21  distributors, salons and others that were likely to result in additional profits and other

22  benefits to Plaintiff.   On information and belief, the Defendants knew of the

23  relationships between Plaintiff and its existing and prospective distributors, salons and

24  others.  Plaintiff believes that the Defendants intended to disrupt these relationships by

25  engaging in the wrongful conduct as alleged herein.  These actions were independently

26  wrongful because they constitute trademark infringement, trademark counterfeiting,

27  fraud, and unfair competition.

28

67.     On information and belief, the Defendants intentionally interfered with the economic relationships between Plaintiff and its existing distributors and their Authorized Salons and others and between Plaintiff and its prospective distributors, and prospective distributors, Authorized Salons and others that were likely to have resulted in an economic benefit to Moroccanoil. Defendants have engaged in such wrongful conduct as the development, manufacture, marketing, advertising, transportation, delivery, distribution offering for sale and the sale of Counterfeit Products.

68.     As a direct and proximate result of the Defendants' disruption of Plaintiff's economic relationships, Plaintiff's contractual relationships with their existing and prospective distributors and salons have been damaged, injured or breached, and Plaintiff has suffered damages in the form of increased costs and reduced revenue in an amount unknown but which Plaintiff alleges exceeds $2,000,000. Plaintiff believes and alleges it will continue to suffer such damages and that those damages will increase every day. Plaintiffs will amend it pleadings, at or before trial, to conform to proof of the amount of such damages.

69.     As a proximate result of the Defendants' wrongful conduct, the Defendants have been unjustly enriched. Plaintiff demands and is entitled to an accounting from each Defendant, including all information necessary to permit Plaintiff to determine the gains, profits and advantages that Defendants have obtained by reason of their wrongful conduct described herein.

70.     Plaintiff has no adequate remedy at law and monetary compensation will not adequately address the damage caused by the Defendants harmful conduct. The acts and omissions of the Defendants alleged herein will engender the need for a multiplicity of judicial proceedings and will cause damage to Plaintiff that are difficult,

1    if not impossible, to measure.   Unless the Defendants are preliminarily and
2    permanently enjoined from committing the unlawful acts alleged, Plaintiff will
3    continue to suffer irreparable harm.   Injunctive relief is therefore appropriate to
4    prevent and prohibit the Defendants from engaging in any further unlawful acts or
5    interfering with Plaintiff's contracts.
6
7        71.    The conduct of the Defendants is fraudulent, malicious and oppressive.
8    The Defendants have engaged in the illegal development, manufacture, transportation,
9    delivery, distribution and sale of Counterfeit Products.   The conduct of the Defendants
10   is despicable.   Their conduct subjects Moroccanoil to cruel and unjust hardship by
11   which its rights are brazenly attacked and stolen.   The conduct of the Defendants is
12   done willfully and Defendants engage in their misconduct in conscious disregard of
13   the rights of Moroccanoil.   Punitive damages should be awarded to punish the
14   Defendants and deter similar conduct in the future.
15
16                        **SEVENTH CLAIM FOR RELIEF**
17                      **NEGLIGENT INTERFERENCE WITH**
18                  **PROSPECTIVE BUSINESS ADVANTAGE**
19                        **AGAINST ALL DEFENDANTS**
20       72.    Plaintiff alleges and incorporates by reference each and every allegation
21   contained in Paragraphs 1 through 71, as if fully set forth herein.
22
23       73.    Plaintiff enjoyed the benefit of future purchases of its products by
24   distributors, salons and others that were likely to result in additional profits and other
25   benefits to Plaintiff. On information and belief, Defendants knew of the relationships
26   between Plaintiff and its existing and prospective distributors, salon customers and
27   others. Plaintiff believes that the Defendants knew, or should have known, that those
28   relationships would be disrupted and damaged if Defendants failed to act with

2522.114\9998                          -23-
                                     COMPLAINT

1   reasonable care.  Defendants failed to act with reasonable care and engaged in

2   wrongful conduct such as the development, manufacture, marketing, advertising,

3   transportation, delivery, distribution offering for sale and the sale of Counterfeit

4   Products.

5

6       74.    Defendants' actions were independently wrongful because they constitute

7   trademark infringement, trademark counterfeiting, fraud and unfair competition.

8

9       75.    As a direct and proximate result of Defendants' wrongful conduct,

10  Plaintiff's relationships with its existing and prospective distributors and salons have

11  been damaged, injured or breached, and Plaintiff has suffered damages in the form of

12  increased costs and reduced revenue in an amount unknown but which Plaintiff alleges

13  exceeds $2,000,000.  Plaintiff believes and alleges they will continue to suffer such

14  damages and that those damages will increase every day.  Plaintiff will amend its

15  pleadings, at or before trial, to conform to proof of the amount of such damages.

16

17      76.    As a proximate result of the wrongful conduct of Defendant, Defendants

18  have been unjustly enriched while Plaintiff has suffered damages of a nature and in an

19  amount according to proof at trial.  Plaintiff demands and is entitled to an accounting

20  from each of Defendants, including all information necessary to permit Plaintiff to

21  determine the gains, profits and advantages that Defendants have obtained by reason of

22  their wrongful conduct described herein.

23

24      77.    Plaintiff has no adequate remedy at law and monetary compensation will

25  not adequately address the damage caused by the Defendants harmful conduct.  The

26  acts and omissions of the Defendants alleged herein will engender the need for a

27  multiplicity of judicial proceedings and will cause damage to Plaintiff that are difficult,

28  if not impossible, to measure.   Unless the Defendants are preliminarily and

1   permanently enjoined from committing the unlawful acts alleged, Plaintiff will
2   continue to suffer irreparable harm.  Injunctive relief is therefore appropriate to
3   prevent and prohibit the Defendants from engaging in any further unlawful acts or
4   interfering with Plaintiff's contracts.

5
6                                   **PRAYER**
7       WHEREFORE, Moroccanoil prays for an award as follows:
8
9       1.      Preliminary and permanent injunctive relief against all Defendants, and
10  each of them, and their officers, agents, attorneys, representatives and assigns, and all
11  persons acting in active concert or participation with them, from doing any of the
12  following acts, either directly or indirectly, and from doing any act prefatory to the
13  prohibited acts:
14          a.      Developing, manufacturing, marketing, advertising, acquiring,
15  transporting, distributing, developing, offering to sell or selling Counterfeit Products;
16          b.      Using any of Moroccanoil's Trademarks in a manner prohibited by
17  law or regulation;
18          c.      Otherwise infringing any Moroccanoil Trademark or any other
19  intellectual property of Moroccanoil;
20          d.      Causing likelihood of confusion, deception, or mistake as to the
21  source, nature, or quality of the goods of Defendants;
22          e.      Using any false designation of origin or false representation
23  concerning Moroccanoil Products;
24          f.      Misrepresenting to anyone that they are authorized Moroccanoil
25  manufacturers or distributors;
26          g.      Misrepresenting to anyone that they carry, distribute or sell genuine
27  Moroccanoil Products or that they obtain their products directly from Moroccanoil;
28

1          h.     Any acts of unfair competition or unfair practice involving or
2   affecting Moroccanoil or any Moroccanoil product; and
3          i.      Soliciting, assisting, aiding or abetting any other person or business
4   entity in engaging in or performing any of the activities referred to in the above
5   subparagraphs "a" through "h".
6       2.     For an order directing Defendants, and each of them, to file with this Court
7   and serve on Plaintiff within 30 days after service of an injunction, a report in writing
8   and under oath, setting forth in detail the manner and form in which Defendants have
9   complied with the injunction;
10      3.     For an order requiring Defendants, and each of them, to deliver to
11  Plaintiff:
12         a.     all products, literature, and other material bearing any counterfeits
13  of the Moroccanoil Trademarks or other infringement of the intellectual property of
14  Moroccanoil or which falsely identify Moroccanoil as the source of the products they
15  develop, manufacture, market, advertise, transport, distribute and sell as Moroccanoil
16  Products; and
17         b.     Printing devices, labels, packing, bottles, advertising or any other
18  items listed in 15 U.S.C. §1118 or otherwise used in the manufacture, publicity,
19  advertising or sale of products bearing any counterfeits of the Moroccanoil Trademarks.
20      4.     For a seizure of all counterfeits of Moroccanoil goods and marks;
21      5.     For expedited discovery about Defendants' suppliers of counterfeits of
22  Moroccanoil Oil Treatment products to assist in the investigation of the source and
23  locations of these illegal products;
24      6.     For an award of money damages in the amount of at least $2,000,000
25  pursuant to the remedies as provided by 15 U.S.C. §§ 1116, 1117; 1125; and 19 U.S.C.
26  § 1526; and all other statutory and common law bases.
27
28

2522.114\9998                                      -26-
                                               COMPLAINT

1      7.     For a recovery according to proof of all gains, profits, or advantages

2  derived by Defendants by their conduct to the fullest extent allowed by common law;

3  and statutes such as Bus. & Prof. Code, §§17200 and 17500.

4      8.     For punitive and exemplary damages;

5      9.     For attorney's fees;

6     10.    For costs; and

7     11.    For such other and further relief as the Court deems just and proper.

8

9  Dated:  December 28, 2010

William C. Conkle
Scott A. Hampton, members of
CONKLE, KREMER & ENGEL
Professional Law Corporation

By: _____
William C. Conkle
Attorneys for Plaintiff Moroccanoil, Inc.

## DEMAND FOR JURY TRIAL

Plaintiff, Moroccanoil, Inc. demands trial by jury of all triable issues.

Dated:  December 28, 2010

William C. Conkle
Scott A. Hampton, members of
CONKLE, KREMER & ENGEL
Professional Law Corporation

By: _____
William C. Conkle
Attorneys for Plaintiff Moroccanoil, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Gary A. Feess and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

## CV10- 9978 GAF (MANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Moroccanoil, Inc., a California corporation,

PLAINTIFF(S)

v.

A British Company, Inc., dba The Closeout Kings, a
Florida corporation; and Does 1 through 10 inclusive

DEFENDANT(S) .

CASE NUMBER

CV10 9978 GAF (MANx)

**SUMMONS**

TO:   DEFENDANT(S): _____

    A lawsuit has been filed against you.

    Within _21_____ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _William C. Conkle_____ , whose address is Conkle, Kremer & Engel, PLC, 3130 Wilshire Blvd., Ste. 500, Santa Monica, CA 90403_____ . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

DEC 2 8 2010

Dated: _____

By: _____

CHRISTOPHER POWERS

Deputy Clerk

*(Seal of the Court)*

1181

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) **PLAINTIFFS** (Check box if you are representing yourself ☐ ) | **DEFENDANTS** |
|---|---|
| Moroccanoil, Inc., a California corporation, | A British Company, Inc., dba The Closeout Kings, a Florida corporation; and Does 1 through 10 inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>William C. Conkle<br>Conkle, Kremer & Engel, PLC<br>3130 Wilshire Blvd., Suite 500<br>Santa Monica, CA 90403<br>310-998-9100 | Attorneys (If Known) |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT: $** 2,000,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

15 U.S.C. §1114 Defendant, A British Company was identified as a supplier of products which included counterfeit Moroccanoil Oil Treatment

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/ PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | **IMMIGRATION** | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS - Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV10 9978

**FOR OFFICE USE ONLY:** Case Number: _____
AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)        CIVIL COVER SHEET        Page 1 of 2
CCD-JS44

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No    [ ] Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [ ] No   [X] Yes

If yes, list case number(s): <u>See attached sheet listing cases assigned to Judge Gee</u>

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   [X]   A. Arise from the same or closely related transactions, happenings, or events; or

                 [ ]   B. Call for determination of the same or substantially related or similar questions of law and fact; or

                 [ ]   C. For other reasons would entail substantial duplication of labor if heard by different judges; or

                 [ ]   D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

   [ ]   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

   [ ]   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Florida |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

      **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**

Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER):     _William C. Conkle_     Date _December 28, 2010_

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

VIII(b) RELATED CASES:

Other Moroccanoil cases assigned to Judge Gee :

CV10-0563 DMG (AGRx)

CV10-02043 DMG (AGRx)

CV10-02293 DMG (AGRx)

CV10-6869 DMG (AGRx)

CV10-1430 DMG (AGRx)

CV10-5571 DMG (AGRx)

CV10-5694 DMG (AGRx)

CV 10-5696 DMG (AGRx)

CV10-5901 DMG (AGRx)

CV10-5902 DMG (AGRx)

CV10-9323 DMG (AGRx)

AO 72
(Rev. 8/82)

AO-72